**STILLWELL v. LOONEY, Warden.**

No. 1788 H. C.

United States District Court
D. Kansas.

Feb. 26, 1953.

Edward M. Boddington, Jr. (of Boddington, Emerson & Boddington) Kansas City, Kan., for petitioner.

Eugene W. Davis, U. S. Atty., Topeka, Kan., for respondent.

MELLOTT, Chief Judge.

Petitioner, before the court under a writ of habeas corpus, assails the validity of his detention in the United States Penitentiary at Leavenworth, Kansas, on the ground that the statutory procedure in connection with the revocation of his parole had not been followed. In brief, he contends that the certificate of revocation, which had been issued by the Board of Parole [1] following a hearing, is invalid and that a valid certificate of revocation could only have been issued by the Board of Indeterminate Sentence and Parole for the District of Columbia.

There is no factual controversy. Petitioner, on March 22, 1935, was sentenced under the indeterminate sentence law of the District of Columbia in several cases to sentences aggregating from five to twenty years. On July 16, 1940, he was granted a parole by the Board of Indeterminate Sentence and Parole for the District of Columbia. On November 5, 1942, while under the jurisdiction and supervision of such board, reliable information having been presented that the terms and conditions of the parole had been violated, a warrant for his rearrest was duly issued. Being then in the custody of a sovereign state, he could not be, and was not, taken into custody under the warrant until January 15, 1944. Since that

1. See Chap. 311, New Title 18 U.S.C.A. §§ 4201 through 4207, for appointment of Board, its powers and duties, including retaking of violator and revocation of parole. Act of June 25, 1948, c. 645, 62 Stat. 854, as amended.

date he has been serving the unexpired portion of his sentence, viz., 5361 days.

After petitioner was taken to the United States Penitentiary and on February 14, 1944, a "certificate of revocation," signed by the assistant parole executive of the United States Board of Parole, was transmitted to the warden, stating that the board had "heard the case of the above named prisoner in the matter of his parole, and on the date of this certificate has ordered that the parole heretofore granted * * be revoked, and that this prisoner serve the remainder of his sentence originally imposed as is provided by law." His "full term date as violator" expires September 18, 1958; but he is earning and being allowed both statutory and industrial good time and will probably be eligible for release about March 15, 1955.

At the hearing in the instant proceeding the applicable provisions of the District of Columbia Code were not available. They have now been examined. Section 24-205, as amended by the Act of June 6, 1940, is set out in the margin.[2] The principal change made by the amendment was the addition of the clause permitting removal of the violator to such penal or correctional institution as might be designated by the Attorney General of the United States. Section 24-206 was also amended by the Act of June 6, 1940, the amendment adding the second paragraph set out in the margin.[3] That paragraph, although unimportant in this proceeding, was amended by the Act of July 17, 1947, as shown in the margin.[4]

It is obvious the action complained of in this case was in accord with the ap-

2. "§ 24-205. *Violation of parole—Warrant—Arrest—Return to confinement.*

"If said Board of Indeterminate Sentence and Parole, or any member thereof, shall have reliable information that a prisoner has violated his parole, said board, or any member thereof, at any time within the term or terms of the prisoner's sentence, may issue a warrant to any officer hereinafter authorized to execute the same for the retaking of such prisoner. Any officer of the District of Columbia penal institutions, any officer of the Metropolitan Police Department of the District of Columbia, or any federal officer authorized to serve criminal process within the United States to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such prisoner and returning or removing him to the penal institution of the District of Columbia from which he was paroled or to such penal or correctional institution as may be designated by the Attorney General of the United States. (July 15, 1932, 47 Stat. 698, ch. 492, § 5; June 6, 1940, 54 Stat. 243, ch. 254, § 4.)"

3. "§ 24-206. *Revocation of parole after retaking—Hearing—New Parole.*

"At the next meeting of the Board of Indeterminate Sentence and Parole held after the issuing of a warrant for the retaking of any paroled prisoner, said board shall be notified * * *, and if such prisoner shall have been returned to the institution, he shall be given an opportunity to appear before said Board of Indeterminate Sentence and Parole,

and the said board may then, or at any time in its discretion, revoke the order and terminate such parole or modify the terms and conditions thereof, and if such order of parole be revoked and the parole so terminated the said prisoner shall serve the remainder of the sentence originally imposed, the unexpired term of imprisonment of any such prisoner to begin to run from the date he is returned to the institution, and time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced; Provided, That the parole board, at its discretion, may afterwards grant a new parole to said prisoner, in the event said board shall deem it advisable.

"In the event said prisoner is removed to a penal or correctional institution designated by the Attorney General, the Board of Parole, created by sections 723a to 723c, Title 18, U.S.Code, shall have and exercise the same power and authority over such prisoner as the Board of Indeterminate Sentence and Parole would have had such prisoner been returned to a penal institution of the District of Columbia, including the power to revoke his parole. (July 15, 1932, 47 Stat. 698, ch. 492, § 6; June 6, 1940, 54 Stat. 243, ch. 254, § 5.)"

4. "In the event a prisoner is confined in, or as a parolee is returned to a penal or correctional institution other than a penal or correctional institution of the District of Columbia, the Board of Parole created by the Act of May 13, 1930 (ch. 255, 46 Stat. 272; 18 U.S.C. 723a),

plicable statutes. It follows petitioner is not illegally held. Order is accordingly being entered dismissing the petition, discharging the writ and remanding petitioner to the custody of the respondent warden.

shall have and exercise the same power and authority as the Board of Parole of the District of Columbia had the prisoner been confined in or returned to a penal or correctional institution of the District of Columbia." Act of July 17, 1947, 61 Stat. p. 378, ch. 263, § 5.